**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Allen Anthony SPENCER,**
**Defendant–Appellant.**

**No. 88–3294.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 30, 1989.*

Decided June 8, 1990.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth

Hap Wong, Portland, Or., for defendant-appellant.

William W. Youngman, Asst. U.S. Atty., Portland, Or., for plaintiff-appellee.

Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Before WRIGHT, TANG and FERNANDEZ, Circuit Judges.

TANG, Circuit Judge:

Allen Anthony Spencer appeals his conviction of receiving stolen property under 18 U.S.C. § 662. We reverse and remand with instructions to vacate Spencer's sentence and dismiss the indictment against Spencer for want of jurisdiction.

## FACTS AND PROCEEDINGS BELOW

On January 22, 1988, Ricky Sampson and James Starr burglarized a residence on the Umatilla Indian Reservation near Pendleton, Oregon. Sampson and Starr took a number of guns and a VCR from the house. Several days later, Sampson and Starr met Spencer, an Indian enrolled in the Umatilla Indian Tribe. They told Spencer about the burglary and asked him to help pawn some of the property. Spencer agreed. He pawned two of the guns and a VCR knowing that they were stolen.

On June 21, 1988, the government charged Spencer with violations of 18 U.S.C. §§ 661 (taking property), a crime within the Major Crimes Act, 18 U.S.C. § 1153.

On September 21, 1988, Spencer's case was tried before a jury. At the close of the government's case, Spencer moved for a judgment of acquittal on the charges. The district court granted Spencer's motion for judgment of acquittal on the 18 U.S.C. § 661 charge. However, the district court granted the government's request for an 18 U.S.C. § 662 (receiving stolen property) jury instruction on the theory that receiving stolen property as defined by 18 U.S.C. § 662 is a lesser included offense of theft by taking as defined in 18 U.S.C. § 661. (18 U.S.C. § 662 is not a crime within the Major Crimes Act.) The jury returned a verdict of guilty on the charge of receiving stolen property.

Spencer then filed a motion challenging the judgment on the ground that with the dismissal of the 18 U.S.C. § 661 charge, the 18 U.S.C. § 662 offense should not have gone to the jury as a lesser included offense. Spencer argued that once the court dismissed the 18 U.S.C. § 661 charge, it lacked jurisdiction to try the 18 U.S.C. § 662 offense. Finally, Spencer argued that the court had no jurisdiction to impose judgment on the 18 U.S.C. § 662 conviction. The district court denied Spencer's motion. Spencer's appeal is timely.

## DISCUSSION

Spencer contends that the district court erred when it concluded that receiving stolen property as defined in 18 U.S.C. § 662 is a lesser included offense of theft by taking as defined in 18 U.S.C. § 661.[1] We agree. Our review of a district court's decision regarding the availability of a lesser included offense is de novo. United States v. Komisaruk, 885 F.2d 490, 497 (9th Cir.1989).

In Schmuck v. United States, 489 U.S. 705, 109 S.Ct. 1443, 1450, 103 L.Ed.2d 734 (1989), the Supreme Court adopted the "elements" test to decide whether an offense is a lesser included offense of another. In so doing, the Court rejected this Circuit's inherent relationship test. See Komisaruk, 885 F.2d at 497 (setting out this Circuit's test and noting its rejection in Schmuck.) Under the elements test, " 'one offense is not "necessarily included" in another unless the elements of the lesser offense are a subset of the elements of the charged offense.' " Id. (quoting Schmuck, 489 U.S. at ——, 109 S.Ct. at 1450).

We conclude that 18 U.S.C. § 662 (receiving stolen property) is not a lesser

---

1. We ordered supplemental briefing on the lesser included offense issue because the parties had failed to take account of Schmuck v. United States, 489 U.S. 705, ——, 109 S.Ct. 1443, 1450, 103 L.Ed.2d 734 (1989) and United States v. Komisaruk, 885 F.2d 490, 497 (9th Cir.1989). In its supplemental brief, the government conceded that under the elements test receiving stolen property under 18 U.S.C. § 662 is not a lesser included offense of taking stolen property under 18 U.S.C. § 661.

included offense of 18 U.S.C. § 661 (taking property).

The elements of Section 661 are: (1) within the special maritime and territorial jurisdiction of the United States; (2) taking and carrying away; (3) with intent to steal or purloin; (4) the personal property of another. *See* 18 U.S.C. § 661.

The elements of Section 662 are: (1) within the special maritime and territorial jurisdiction of the United States; (2) buying, receiving or concealing; (3) any money, goods, bank notes, or other thing which may be the subject of larceny; (4) which has been feloniously taken, stolen, or embezzled from another person; and (5) knowing the thing to have been so taken, stolen or embezzled. *See* 18 U.S.C. § 662.

The elements of Section 662 are not a subset of Section 661: Receiving is different from taking; intent to steal is different from knowing that something is stolen. Consequently, under the elements test, Section 662 is not a lesser included offense of Section 661.

Because Section 662 is not a lesser included offense under Section 661, Spencer could neither be convicted nor sentenced for violation of Section 662 pursuant to a prosecution under Section 661. Rather, upon the district court's acquittal of Spencer on the Section 661 charge set forth in the indictment, the case should have been dismissed.[2]

## CONCLUSION

We reverse and remand with instruction to the district court to vacate the sentence imposed and to enter a judgment of acquittal of the charges and to dismiss the indictment.

REVERSED and REMANDED with instructions.

---

2. Because of our resolution of this case, we need not address Spencer's claim as to his confession. Moreover, with our resolution we need not decide whether the government's request for a jury instruction for a non-Major Crimes Act lesser included offense deprived the federal court of jurisdiction.

When the government brings a Major Crimes Act prosecution, a federal court has jurisdiction over a crime not enumerated in the Major Crimes Act when a defendant seeks and properly obtains a lesser included offense instruction. *See Keeble v. United States,* 412 U.S. 205, 214, 93 S.Ct. 1993, 1998–99, 36 L.Ed.2d 844 (1973). The *Keeble* court did not decide whether jurisdiction exists when the government, as it did here, asks for a lesser included offense instruction during a Major Crimes Act prosecution. However, the

*Keeble* court stressed it did not expand federal jurisdiction: "[W]e emphasize that our decision today neither expands the reach of the Major Crimes Act nor permits the Government to infringe the residual jurisdiction of a tribe by bringing prosecutions in federal court that are not authorized by statute." Moreover, the *Keeble* court rejected the suggestion that the principle of mutuality—because the defendant can ask for a lesser included instruction, so can the government—must apply with Major Crimes Act prosecutions. Thus, a necessary consequence of *Keeble*'s rationale precludes the government from seeking a lesser included offense instruction in a Major Crimes Act prosecution because such a practice would infringe upon tribal jurisdiction. *See* Vollmann, *Criminal Jurisdiction in Indian Country,* 22 U.Kan.L.Rev. 387 (1974).