2007 WY 146

**Cody Lee EDWARDS, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 06–25.

Supreme Court of Wyoming.

Sept. 18, 2007.

Representing Appellant: Kenneth M. Koski, State Public Defender; Donna D. Domonkos, Appellate Counsel; Tina N. Kerin, Senior Assistant Appellate Counsel. Argument by Ms. Kerin.

Representing Appellee: Patrick J. Crank, Wyoming Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; James Michael Causey, Assistant Attorney General. Argument by Mr. Causey.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, BURKE, JJ.

GOLDEN, Justice.

[¶ 1] Appellant Cody Edwards appeals the judgment and sentence of the district court convicting him of aggravated vehicular homicide. Edwards contends the district court improperly excluded evidence relevant to his defense, citing particularly W.R.E. 404. We agree and reverse.

### ISSUE

[¶ 2] Edwards presents a single issue for our review:

Did the trial court err in precluding relevant evidence of the deceased's prior conduct, prohibiting Appellant from fully presenting his defense?

### FACTS

[¶ 3] On February 5, 2005, at approximately 10:30 p.m., Edwards and his passenger, David Southworth, were injured in a single-vehicle rollover on I–25 in Casper, Wyoming. Southworth suffered a crushed skull and died from his injuries en route to the hospital. Both men were intoxicated at the time of the crash, each having a blood alcohol level in excess of .20 percent.

[¶ 4] The State charged Edwards with one count of aggravated vehicular homicide under Wyo. Stat. Ann. § 6–2–106(b)(i) and (ii) (LexisNexis 2007).[1] At trial, Edwards did not dispute his blood alcohol level or deny being the driver of the vehicle at the time of the accident. Rather, Edwards' trial defense focused on the issue of causation. Edwards' defense was that Southworth, being drunk and depressed, caused the accident by grabbing the steering wheel, resulting in the vehicle leaving the roadway.

[¶ 5] Edwards sought to prove that defense with, among other evidence, the after-accident discovery of antidepressant medication in Southworth's belongings left at Edwards' residence. The district court disallowed the evidence until such time as Edwards could lay a proper foundation for its relevance. Edwards also sought to introduce testimony from Schon Demel, a common friend, that two weeks before the fatal accident a drunk and depressed Southworth had grabbed the steering wheel of Demel's vehicle, causing the vehicle to briefly leave the roadway. The State objected, claiming it was inadmissible under W.R.E. 404 and otherwise irrelevant. The district court excluded this evidence, finding that the evidence was distracting and of little probative value.

[¶ 6] After a four-day trial, the jury found Edwards guilty on the charged offense. The district court sentenced Edwards to a term of imprisonment of eight to fourteen years. This appeal followed.

## STANDARD OF REVIEW

[¶ 7] We review a trial court's evidentiary rulings under the following standard:

> Evidentiary rulings are within the sound discretion of the trial court and include determinations of the adequacy of foundation and relevancy, competency, materiali-

ty, and remoteness of the evidence. This Court will generally accede to the trial court's determination of the admissibility of evidence unless that court clearly abused its discretion. We have described the standard of an abuse of discretion as reaching the question of the reasonableness of the trial court's choice. Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means exercising sound judgment with regard to what is right under the circumstances and without doing so arbitrarily or capriciously. In the absence of an abuse of discretion, we will not disturb the trial court's determination. The burden is on the defendant to establish such an abuse.

*Gabbert v. State*, 2006 WY 108, ¶ 24, 141 P.3d 690, 697 (Wyo.2006) (quoting *Brown v. State*, 2005 WY 37, ¶ 12, 109 P.3d 52, 56 (Wyo. 2005)); *see also Farmer v. State*, 2005 WY 162, ¶ 8, 124 P.3d 699, 703 (Wyo.2005); *Holloman v. State*, 2005 WY 25, ¶ 10, 106 P.3d 879, 883 (Wyo.2005).

## DISCUSSION

[¶ 8] The dispositive issue in this appeal is whether the district court erred in refusing to admit evidence concerning an incident in which Southworth allegedly interfered with Demel's ability to operate his vehicle. As noted, Edwards defended on the theory that Southworth's action in grabbing the steering wheel was the proximate cause of the accident that ultimately resulted in Southworth's death. In an effort to support his theory, Edwards sought to introduce the testimony of Demel that Southworth had grabbed his steering wheel under similar circumstances two weeks earlier. Edwards argued the evidence was admissible to show identity, course of conduct, plan, motive and modus operandi under W.R.E. 404(b).

[¶ 9] Almost identical facts appear in *State v. Young*, 48 Wash.App. 406, 739 P.2d

---

1. § 6–2–106(b)(i) and (ii) states:

   (b) A person is guilty of aggravated homicide by vehicle and shall be punished by imprisonment in the penitentiary for not more than twenty (20) years, if:
   (i) While operating or driving a vehicle in violation of W.S. 10–6–103, 31–5–233 or 41–

   13–206, he causes the death of another person and the violation is the proximate cause of the death; or
   (ii) He operates or drives a vehicle in a reckless manner, and his conduct is the proximate cause of the death of another person.

1170 (1987). In *Young*, the defendant was driving a vehicle that was involved in an accident. The two passengers were killed. Young was charged with two counts of vehicular homicide. Although Young was legally intoxicated at the time of the accident, he alleged that the accident was caused by one of the passengers, Vince Setzer, grabbing the steering wheel. Young sought to introduce evidence that Setzer "had on four prior occasions within the last year and a half grabbed the steering wheel away from the driver." *Id.* at 1172. The trial court disallowed the evidence. In analyzing the propriety of the exclusion of that evidence, the Washington Court of Appeals stated:

> Mr. Young further argues the evidence should have been admitted pursuant to ER 404(b) to prove identity, control, absence of mistake and modus operandi. *Calbom [v. Knudtzon* ], 65 Wash.2d [157,] 168, 396 P.2d 148 [ (1964) ].

> The admission of other acts under ER 404(b) has been used primarily where the prosecution offers the evidence to prove an essential element of the crime or rebut a defense of mistake. *State v. Dinges*, 48 Wash.2d 152, 292 P.2d 361 (1956); *State v. Brown*, 30 Wash.App. 344, 633 P.2d 1351 (1981) (two prior convictions for prostitution were admissible to prove intent on a charge of prostitution loitering); *State v. Fernandez*, 28 Wash.App. 944, 628 P.2d 818 (1980) (admission of similar acts to prove modus operandi, identity, and rebut the defense's explanation of accident); *State v. Bloomstrom*, 12 Wash.App. 416, 529 P.2d 1124 (1974), *review denied*, 85 Wash.2d 1009 (1975) (acts of interest in other children admissible to show injury to victim was not accidental); *State v. Messinger*, 8 Wash.App. 829, 509 P.2d 382, *review denied*, 82 Wash.2d 1010 (1973) (defendant's subsequent acts of misconduct admitted to show consciousness of guilt and identity); *State v. Moxley*, 6 Wash. App. 153, 491 P.2d 1326 (1971), *review denied*, 80 Wash.2d 1004 (1972) (prior threat to kill wife admissible in arson case to show husband's identity and willfulness of act); *State v. Stationak*, 1 Wash.App.

558, 463 P.2d 260 (1969) (evidence of unrelated crime committed 5 1/2 months before admissible to rebut the defense's claim of accident).

> Mr. Young argues the rule is not limited to use by the prosecution and should be equally available to a defendant when used to prove his theory of defense. *State v. Chapman*, 209 Mont. 57, 679 P.2d 1210 (1984). We agree. Here, Mr. Setzer's prior acts of conduct were relevant for the purpose of proving (1) the identity of the person responsible for the accident was Mr. Setzer, (2) it was he, not Mr. Young, who was in control of the vehicle at the time of the accident, and (3) Mr. Setzer's intentional interference with Mr. Young's steering was the proximate cause of the accident. Although the evidence may have been probative to prove the similarity of acts, *i.e.,* "modus operandi", Mr. Young failed to raise this as a basis for admission at trial and thus is excluded from raising it as error on review. *State v. Wixon*, 30 Wash.App. 63, 631 P.2d 1033, *review denied*, 96 Wash.2d 1012 (1981).

> The court excluded the proffered evidence on the basis of ER 403. Weighing the probative value of evidence under ER 403 against the dangers of confusion or prejudice, the general rule requires the balance be struck in favor of admissibility. *United States v. Dennis*, 625 F.2d 782 (8th Cir.1980). ER 403 does not extend to the exclusion of crucial evidence relevant to the central contention of a valid defense. 5 K. Tegland, Wash.Prac., at § 105; *United States v. Wasman*, 641 F.2d 326 (5th Cir.1981). Here, evidence of Mr. Setzer's conduct on the night of the accident was highly probative and crucial to Mr. Young's theory of defense, that it was Mr. Setzer and not he that caused the accident. Nor is its probative value "substantially out-weighed" by the dangers enumerated in ER 403. The balance should have been struck in favor of admissibility. Under these circumstances the court's failure to do so was an abuse of discretion.

*Id.* at 1174–75.[2]

■ [¶ 10] Similarly, under the facts and circumstances of the instant case, we find the

---

**2.** Washington's rules of evidence 403 and 404 are substantially identical to W.R.E. 403 and

proffered testimony of Demel was improperly excluded. Edwards was charged with aggravated vehicular homicide, which required a finding that his wrongful conduct (driving while under the influence or recklessness) proximately caused Southworth's death. § 6-2-106(b)(i) and (ii); *Glazier v. State*, 843 P.2d 1200, 1204 (Wyo.1992); *Buckles v. State*, 830 P.2d 702, 706 (Wyo.1992). To be the proximate cause, the accident or injury must be the natural and probable consequence of the defendant's wrongful conduct; a substantial factor in bringing about the injuries or death. *Bloomquist v. State*, 914 P.2d 812, 820 (Wyo. 1996); *Glazier*, 843 P.2d at 1204. Evidence of a victim's actions is relevant whenever those actions have a bearing on the defendant's alleged wrongful conduct or in determining whether the defendant's wrongful conduct was the proximate cause of a victim's death. *Buckles*, 830 P.2d at 707-08. The evidence of Southworth's prior actions was crucial to Edwards' defense that his conduct was not the proximate cause of the accident and Southworth's death. Edwards advanced appropriate argument as to why the evidence should be admissible. The district court abused its discretion in excluding that evidence under either W.R.E. 403 or 404.

## CONCLUSION

[¶ 11]   Demel's testimony was erroneously excluded. Given our resolution of this issue, we need not address Edwards' other complaints concerning the district court's evidentiary rulings. We reverse this case and remand for further proceedings consistent with this opinion.