2012 WY 37

Lawrence Floyd SILVA, Appellant (Defendant),

v.

The STATE of Wyoming, Appellee (Plaintiff).

No. S–11–0124.

Supreme Court of Wyoming.

March 12, 2012.

Representing Appellant: Diane Lozano, State Public Defender PDP; Tina N. Olson, Appellate Counsel; Eric M. Alden, Senior Assistant Appellate Counsel. Argument by Mr. Alden.

Representing Appellee: Gregory A. Phillips, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Jenny L. Craig, Senior Assistant Attorney General; Andrew J. Kuhlmann, Assistant Attorney General. Argument by Mr. Kuhlmann.

Before KITE, C.J., and GOLDEN, HILL, and BURKE, JJ., and TYLER, D.J.

TYLER, D.J.

[¶ 1] Appellant, Lawrence Floyd Silva, seeks to overturn his felony convictions for Aggravated Burglary, in violation of Wyo. Stat. Ann. § 6–3–301(a) and (c)(ii) (LexisNexis 2011), and Attempt to Commit Kidnapping, in violation of Wyo. Stat. Ann. § 6–1–301(a)(i) and Wyo. Stat. Ann. § 6–2–201(a)(iii) (LexisNexis 2011). Appellant contends that the district court erred by preventing him from introducing certain evidence of the victim's prior conduct in his defense to the Attempt to Commit Kidnapping charge. Appellant also claims that the district court wrongfully refused his request to instruct on a lesser-included misdemeanor offense of Attempted False Imprisonment, under Wyo. Stat. Ann. § 6–1–301(a)(i) and Wyo. Stat. Ann. § 6–2–203(a) (LexisNexis 2011), to the felony charge of Attempt to Commit Kidnapping. We find no error and will affirm the convictions.

*ISSUES*

[¶ 2] Appellant presents his issues as follows:

I. Did the trial court err in precluding relevant evidence of the victim's prior conduct, prohibiting Appellant from fully presenting his defense?

II. Did the court improperly refuse to instruct on the lesser included offense of false imprisonment?

The State characterizes the issues as follows:

I. Did the district court properly exclude evidence of the victim's previous sexual conduct because it was irrelevant to Appellant's defense?

II. Did the district court properly decline to instruct the jury on the offense of false imprisonment as a lesser-included offense of kidnapping?

*FACTS*

[¶ 3] In the early morning hours of June 19, 2010, Appellant embarked upon his single-minded mission to remove his estranged fiancée from the Rock Springs apartment where she was staying with friends, and to "drag" her to his home so that they could "settle" the discord in their relationship. As he walked the several miles across the city toward the apartment, Appellant outlined his plan and his progress in a torrent of scurrilous voice and text messages sent to his intended's cellular telephone.

[¶ 4] Upon his arrival at the apartment, Appellant began to pound loudly on the front door, awakening his former girlfriend from her sleep on a recliner in the living room. She approached a window near the door and implored Appellant to leave immediately—otherwise, she would call the police. Ignoring her plea to leave, Appellant commenced yelling his insistence that she "come home" with him.

[¶ 5] Alarmed at Appellant's unrelenting exhortations, his erstwhile companion snatched a nearby telephone and dialed 911 to summon help. Appellant then broke through the window screen and came "flying through the window" into the apartment in pursuit of his objective. The victim dropped

the telephone and ran screaming into one of the bedrooms where she knelt down in terror while covering her face with her arms. Almost immediately, Appellant began slapping and pulling the victim's arms to pry her away from her position of protection. When these aggressions failed to overpower her resistance, Appellant seized the victim's hair and, while intoning his demand that she "come home," he began dragging her, literally kicking and screaming, down the hall toward the front of the apartment.

[¶ 6] Amid the ordeal, through the open window earlier breached by Appellant, the shouting voice of a neighbor offered his assistance to the victim and urged Appellant to immediately let loose of the victim and leave the apartment. The victim responded by pleading for the neighbor's assistance. Contemporaneously, Appellant remonstrated the neighbor's intervention by yelling that he should "mind his own business" and that Appellant was "just trying to get his wife home," all-the-while plodding toward the living room at the front of the apartment, pulling the victim by her hair. The locked front door frustrated the neighbor's immediate attempted rescue of the victim.

[¶ 7] When Appellant reached the living room with his victim in tow, he released her and unlocked the front door to accost the interloping neighbor. As Appellant exited through the door, the victim quickly shut and locked it behind him, and retreated into the apartment. The victim listened as Appellant confronted and grabbed the neighbor. The neighbor repelled Appellant's attack and retaliated by punching and head-butting Appellant into dazed submission. Battered and disoriented, Appellant staggered away from the apartment complex only later to be apprehended by police where he was formally arrested, taken to the hospital for treatment, and jailed.

[¶ 8] As to the district court's preclusion of certain evidence regarding the victim's past conduct, discovery and pretrial motion proceedings unveiled Appellant's strategy to defeat the charges against him by showing at trial that he lacked any specific intent to remove the victim so that he could "inflict bodily injury on or to terrorize" her. Appellant planned to demonstrate that his true intent at the time of the incident was actually to protect the victim from vulnerabilities to her safety caused by her habitual alcohol consumption by merely taking her to his home. To articulate to the jury his real intent at the time, Appellant proposed to present detailed evidence of the victim's past conduct, particularly related to her frequent use of alcohol, including the following: the victim was an alcoholic; the victim often drank until she passed-out; she had once been assaulted after falling into unconsciousness from alcohol consumption; she had previously been photographed in the nude while asleep under the effects of alcohol; she had a tendency to become promiscuous with strangers when she was under the influence of intoxicants; she had previously been an exotic dancer; she had been arrested for incidents associated with her intoxication; and, she had been convicted of some misdemeanor alcohol-related offenses. Most of the information concerning the victim's supposed sexual conduct before, and during, the tenure of the couple's romantic relationship was learned from investigations conducted after Appellant committed the acts resulting in the charges being levied against him. Despite the fact that he was admittedly ignorant of the victim's putative extraneous sexual behavior prior to the date that the events transpired, Appellant nevertheless wanted to provide such evidence to the jury.

[¶ 9] The State filed a motion *in limine* aimed at preempting Appellant's reliance on many of these anticipated proofs. Appellant's trial attorney responded, mainly citing W.R.E. 404(a) as justifying introduction and admissibility of this key evidence. The State's trial counsel objected to admission of this evidence relying upon W.R.E. 405, 608, and 609, and based upon an analogy to Wyoming's rape shield statute, Wyo. Stat. Ann. § 6-2-312 (LexisNexis 2011) (applicable only in sexual assault cases). The district court held a series of pretrial hearings on the pending motion.

[¶ 10] After completing the hearings and listening to the arguments of counsel, the district court ruled that evidence of the victim's drinking habits and alcohol-related ar-

rests was germane to Appellant's defense. The district court found that evidence of the victim's misdemeanor convictions for alcohol-related violations was inadmissible under W.R.E. 609. The district court held that evidence regarding the victim's sexual conduct while she was intoxicated or evidence that she was once sexually assaulted while she was passed-out was inadmissible since such evidence was not relevant, was unrelated to the victim's reputation for truthfulness or untruthfulness, and was generally viewed as an impermissible overt attack upon her character which was not at issue in the case. Appellant's ostensible lack of knowledge of the victim's sexual conduct prior to the time of the incident proved significant to the district court in making its ruling—especially as to how Appellant intended to get any specific knowledge of the victim's sexual propensities when she becomes intoxicated into evidence in the event that he did not testify at trial. Nonetheless, the district court invited Appellant's trial counsel to make an offer of proof outside the hearing of the jury at an appropriate time during trial in the event that Appellant wanted to re-address presentation of evidence concerning the victim's sexual past.

[¶ 11] At trial, the district court gave Appellant's trial counsel considerable latitude in examining the victim and other witnesses concerning the prior conduct of the victim at various times when she was intoxicated. This included a ruling after a bench conference that Appellant's counsel could solicit testimony and evidence pertaining to some photographs which were taken of the nude victim at a time that she was passed-out from the effects of alcohol consumption. Moreover, Appellant testified at length regarding his relationship with the victim and issues related to her drinking. Although the district court remained steadfast in its pretrial prohibition of evidence of the victim's sexual conduct while intoxicated or evidence that she was sexually assaulted while passed-out by sustaining the State's objections at trial, Appellant never asked to make an offer of proof outside the hearing of the jury to preserve for the record any proposed evidence concerning the victim's sexual past in accordance with W.R.E. 103.

[¶ 12] The second issue on appeal spurs examination of the district court's refusal of Appellant's proffered lesser-included offense instruction. Appellant requested proposed jury instructions setting forth his contention that the jury should consider, in the alternative, Attempted False Imprisonment and False Imprisonment as lesser-included misdemeanor offenses to Attempt to Commit Kidnapping and Kidnapping, respectively. At the jury instruction conference, Appellant's trial counsel objected to the district court's refusal to give the lesser-included offense instructions. The attorney for the State argued, and the district court agreed, that Attempted False Imprisonment is not a lesser-included offense to Attempt to Commit Kidnapping where, as was specifically charged in the instant case, Appellant's purported criminal conduct involved an attempted removal—not confinement—of the victim.

[¶ 13] Ultimately, the jury found Appellant guilty of Aggravated Burglary and Attempt to Commit Kidnapping. The district court sentenced Appellant to imprisonment for twelve to fifteen years on each count to be served concurrent, but consecutive to an imprisonment sentence in an unrelated case.

## DISCUSSION

### Standard of Review—Evidentiary Rulings

[¶ 14] The standard guiding our review of a district court's evidentiary rulings in a criminal case is well-known:

Evidentiary rulings are within the sound discretion of the trial court and include determinations of the adequacy of foundation and relevancy, competency, materiality, and remoteness of the evidence. This Court will generally accede to the trial court's determination of the admissibility of evidence unless that court clearly abused its discretion. We have described the standard of an abuse of discretion as reaching the question of the reasonableness of the trial court's choice. Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means exercising

sound judgment with regard to what is right under the circumstances and without doing so arbitrarily or capriciously. In the absence of an abuse of discretion, we will not disturb the trial court's determination. The burden is on the defendant to establish such an abuse.

*Edwards v. State*, 2007 WY 146, ¶ 7, 167 P.3d 636, 637 (Wyo.2007) (citations omitted); *see Vigil v. State*, 2010 WY 15, ¶ 11, 224 P.3d 31, 36 (Wyo.2010). Even if an evidentiary determination error is found to have occurred, Appellant carries the burden of affirmatively showing that such error was prejudicial:

> If we conclude the trial court erred, we must then determine if the error was prejudicial. *Bromley v. State*, 2009 WY 133, ¶ 24, 219 P.3d 110, 116 (Wyo.2009). An error is prejudicial if there is a reasonable possibility the verdict might have been more favorable to the appellant if the error had never occurred. *Callen v. State*, 2008 WY 107, ¶ 5, 192 P.3d 137, 141 (Wyo.2008). The burden of proving prejudicial error rests with the appellant. *Skinner v. State*, 2001 WY 102, ¶ 25, 33 P.3d 758, 767 (Wyo. 2001).

*Bloomfield v. State*, 2010 WY 97, ¶ 17, 234 P.3d 366, 373 (Wyo.2010).

### The District Court's Exclusion of Certain Evidence of the Victim's Prior Conduct

[¶ 15] Appellant insists that the district court should have allowed him to present certain evidence of the victim's past sexual conduct at times that she was intoxicated to fully explain to the jury his motivation and specific intent at the time of the events giving rise to the charges. He believes that, armed with evidence of the victim's past alcohol-fueled risky sexual behaviors, the jury could have understood and agreed that his true intent was to protect her—not to harm her. Appellant maintains that conveying his actual intent to the jury was vital to his defense to the specific intent crimes charged, and that the district court committed error by refusing such testimony.

[¶ 16] In pretrial hearings regarding the State's motion *in limine*, the district judge spontaneously expressed his views upon the various arguments being advanced by the opposing attorneys. Comments interspersed in the record during these hearings relate to the court's reaction to: the State's counsel's analogy to Wyoming's rape shield statute, preventing introduction of the victim's sexual history in a sexual assault case; Appellant's trial counsel's arguments relying upon W.R.E. 404(a) as supporting introduction of the victim's sexual past events; the claims that W.R.E. 405 addresses character evidence based upon past instances of conduct in very specific circumstances; the State's assertions that W.R.E. 608 prohibits use of evidence of the victim's character, except as to her reputation for truthfulness or untruthfulness; and, arguments whether W.R.E. 609 would permit introduction of the victim's misdemeanor convictions for alcohol-related offenses. Appellant contends that these remarks made during arguments were the trial judge's stated grounds for the evidentiary rulings for which he assigns error. The record belies Appellant's contention.

[¶ 17] Throughout the pretrial proceedings, the trial judge patiently reiterated that evidence of the victim's sexual conduct while intoxicated or evidence that she was sexually assaulted while passed-out was simply "not relevant" to the issues in the case.[1] W.R.E. 401 ("'Relevant evidence' means evidence having a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."). Inasmuch as this victim's sexual history was held to be "not relevant," it was,

---

1. Pertinent portions of W.R.E. 104 pertain to preliminary determinations on admissibility:

   (a) *Questions of admissibility generally.* Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court, subject to the provisions of subdivision (b). In making its determination it is not bound by the rules of evidence except those with respect to privileges.

   (b) *Relevancy conditioned on fact.* When the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition.

therefore, "not admissible." W.R.E. 401 and 402 ("Evidence which is not relevant is not admissible."). After declaring evidence of the victim's past sexual conduct to be inadmissible, there was no need for the district court to conduct any further analysis under any of the other evidentiary rules. W.R.E. 104(a), 401, 402. The trial judge then informed Appellant's trial counsel that the court would revisit the issue during trial if it were raised as an offer of proof outside the hearing of the jury.[2] *See* W.R.E. 104(b). Since Appellant has failed to show that the district court abused its discretion in making this preliminary evidentiary ruling, we uphold that determination. *Edwards,* ¶ 7, 167 P.3d at 637.

[¶ 18] Appellant's objective of placing the victim's self-endangering proclivities before the jury to vitiate any proof of his specific intent to harm her went almost unimpeded by the district court's exclusion of certain irrelevant evidence. The victim admitted that she had hurt herself when intoxicated; she had experienced acute and chronic health problems while under the influence of alcohol; she had been arrested for driving under the influence; and, she was an habitual drinker. She acknowledged that she had informed Appellant of these facts, or knew that he was in a position to have personally observed them. The victim's mother outlined the victim's addiction to drinking, that the victim had been arrested for driving while intoxicated, and that the victim had once been left stranded in the desert after a bout of drinking. The victim's former roommate testified that the victim's incessant drinking precipitated the termination of their living arrangement. A former neighbor described how he had observed the victim being taken away by ambulance after she consumed straight vodka from the bottle. The victim's prior boyfriend testified that he decided to end their relationship due to her habitual drinking. Appellant testified at trial. He explained that the victim had crashed his car when she was intoxicated; the victim had to be removed from bars due to her drinking to the point of unconsciousness; the victim is often inebriated to the point that she has no orientation of time or place; the victim suffers health problems stemming from her use of alcohol; and, once, while passed-out, a stranger photographed her nude body. Appellant concluded that he was aware of the victim's past risky behaviors inevitably attributed to her alcohol consumption, and that his intent at the time of the events giving rise to his criminal charges was merely to protect the victim.

[¶ 19] Throughout the entire trial, there was only one occasion where Appellant's trial counsel crossed into forbidden areas of evidence production, yet no offer of proof was made.[3] While cross-examining the victim, Appellant's trial attorney inquired about a prior marriage and whether she had been sexually assaulted. This drew an objection from the attorney for the State. At a bench conference on the objection, the district court sustained the objection since the inquiry fell into previously disallowed subjects. Instead of making an offer of proof, Appellant's counsel sought permission to query the victim

---

2. Appellant's trial attorney clarified the procedure for an offer of proof:

[Appellant's Counsel]: So the way we will proceed is that I can call my witnesses, but if I wish to inquire into that particular—into an area of the girl's behavior when she's drunk, at that point, you will require an offer of proof?
[Court]: Yes.

3. Applicable parts of W.R.E. 103 provide as follows:

(a) *Effect of erroneous ruling.* Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
  * * * *
(2) Offer of Proof.—In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked.
(b) *Record of offer and ruling.*—The court may add any other or further statement which shows the character of the evidence, the form in which it was offered, the objection made, and the ruling thereon. It may direct the making of an offer in question and answer form.
(c) *Hearing of jury.*—In jury cases, proceedings shall be conducted, to the extent practicable, so as to prevent inadmissible evidence from being suggested to the jury by any means, such as making statements or offers of proof or asking questions in the hearing of the jury. [* * *]

regarding photographs taken of the victim while nude after she passed-out from alcohol consumption. The court permitted this line of questioning.

[¶ 20] In order to protect the record and to satisfy the requirements of W.R.E. 103, Appellant needed to make a timely showing that "a substantial right [of Appellant was] affected" and "the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked." W.R.E. 103(a)(2). Quite simply, Appellant should have made an offer of proof if he intended to attack the district court's evidentiary rulings:

> [T]here is only one prudent way for an offer of proof to be made at trial. The attorney who seeks to offer evidence, which has been refused or to which an objection has been upheld, should take the initiative. The offer of proof should then take the form of counsel's eliciting the proposed testimony directly from the witness, or entering the tangible evidence in the record, all outside of the hearing of the jury.

*Bloomfield*, ¶ 23, 234 P.3d at 375 (quoting *Rudolph v. State*, 829 P.2d 269, 275 (Wyo. 1992)). Further,

> "It is settled law that a proponent of evidence has the burden to apprise the trial court that a rule of evidence permits the admission of that evidence." *Moe v. State*, 2005 WY 149, ¶ 9, 123 P.3d 148, 151 (Wyo. 2005). "[T]he offer of proof must specifically indicate the purpose of the testimony." *Pack v. State*, 571 P.2d 241, 245 (Wyo.1977).

*Bloomfield*, ¶ 20, 234 P.3d at 374.

[¶ 21] Appellant's decision not to give an offer of proof stripped the district court's ability to reconsider its exclusion of evidence at an appropriate time during trial, and it now inhibits meaningful appellate review of the district court's action. *Id.*, ¶ 23, 234 P.3d at 375–76 (quoting *Hermreck v. State*, 956 P.2d 335, 338 (Wyo.1998)) ("The lack of an offer of proof impacts the district court's ruling and severely impedes appellate review."). Indeed, Appellant's omission to make an offer of proof must result in a waiver of his ability to attribute error to the district court. *Padilla v. State*, 601 P.2d 189, 194 (Wyo.1979) (citing *Meredith v. Hardy*, 554 F.2d 764 (5th Cir.1977) and *Yost v. A.O. Smith Corp.*, 562 F.2d 592 (8th Cir.1977)).

[¶ 22] Appellant has not satisfied his burden of showing that the district court abused its discretion in making evidentiary rulings excluding irrelevant evidence of the victim's past conduct. *Edwards*, ¶ 7, 167 P.3d at 637. It was reasonable for the district court to conclude as it did, and we, therefore, find no error.

### Standard of Review—Denial of a Lesser–Included Offense Instruction

[¶ 23] The determination of whether one crime is a lesser-included offense of another generally implicates a question of law, subjecting the issue to appellate review *de novo:*

> When the error is preserved, the standard for appellate review with respect to the grant or denial by the trial court of a lesser included offense instruction is directed by the nature of the question. We hold that the determination of what offenses are "necessarily included in the offense charged" is primarily a question of law. Wyo.R.Crim.P. 31(c). Therefore, the appropriate standard for appellate review is *de novo.* *United States v. Spencer*, 905 F.2d 1260 (9th Cir.1990); *United States v. Komisaruk*, 885 F.2d 490 (9th Cir.1989); *United States v. Brown*, 761 F.2d 1272 (9th Cir.1985). [* * *].

*State v. Keffer*, 860 P.2d 1118, 1137 (Wyo. 1993); *see Dean v. State*, 2003 WY 128, ¶¶ 11–12, 77 P.3d 692, 696 (Wyo.2003); *Houghton v. State*, 6 P.3d 643, 646 (Wyo. 2000); *Paramo v. State*, 896 P.2d 1342, 1344 (Wyo.1995); *Sindelar v. State*, 932 P.2d 730, 732 (Wyo.1997).

### The District Court's Refusal of Appellant's Proffered Lesser–Included Offense Instruction

[¶ 24] We have adopted the statutory elements test as an uncomplicated means for ascertaining whether the jury

should be instructed on a lesser-included offense: [4]

Based upon this comprehensive review of the cases in our state, relevant federal precedent, and the mandates of the constitutions of the United States and Wyoming, as well as the persuasive impact of the position of the Supreme Court of the United States, we are convinced that the statutory elements test is the one to invoke to determine whether a lesser included offense instruction under Wyoming Rule 31(c) is appropriate. "Under this test, one offense is not 'necessarily included' in another unless the elements of the lesser offense are a subset of the elements of the charged offense. Where the lesser offense requires an element not required for the greater offense, no instruction is to be given under [Wyoming Rule 31(c)]." *Schmuck II* [*Schmuck v. United States*], 489 U.S. [705] at 716, 109 S.Ct. [1443] at 1450[, 103 L.Ed.2d 734 (1989)].

*Keffer,* 860 P.2d at 1133–34; *see Dean,* ¶¶ 14–19, 77 P.3d at 697–99. Moreover,

Suffice it to say that, under any standard or test, a lesser-included offense instruction is not to be given in the absence of some minimal evidentiary support and that, after determining that the statutory elements test has been met, the trial court is obligated also to determine whether a lesser-included offense instruction is supported by the evidence.

*Id.,* ¶ 19, 77 P.3d at 699.

[¶ 25] At trial, Appellant faced a felony charge of Attempt to Commit Kidnapping by removal. The pertinent statutory elements of kidnapping by removal under which Appellant was prosecuted are:

(a) A person is guilty of kidnapping if he unlawfully removes another from his place of residence or business or from the vicinity where he was at the time of the removal, ... with the intent to:

[* * *]

(iii) Inflict bodily injury on or to terrorize the victim....

(b) A removal or confinement is unlawful if it is accomplished:

(i) By force, threat or deception[.]

Wyo. Stat. Ann. § 6–2–201(a)(iii) and (b)(i) (LexisNexis 2011).

[¶ 26] The court below ultimately gave "Instruction No. 30" at the conclusion of the evidentiary portion of the trial:

The elements of the crime of Kidnapping are:

1. On or about the 19th day of June, 2010
2. In Sweetwater County, Wyoming
3. The Defendant, Lawrence Floyd Silva
4. Unlawfully removed [the victim]
5. From the vicinity where [the victim] was at the time of removal
6. With the intent to inflict bodily injury on or terrorize [the victim].

[¶ 27] Appellant asked the district court to instruct on Attempted False Imprisonment and False Imprisonment, in the alternative, as lesser-included misdemeanor offenses to Attempt to Commit Kidnapping and Kidnapping, respectively.[5] Key portions of Appellant's proposed lesser-included false imprisonment instruction, designated as "Defendant's Instruction D," are as follows:

The elements of the crime of False Imprisonment are:

1. On or about the 19th day of June, 2010
2. In Sweetwater County, Wyoming
3. The Defendant, Lawrence Floyd Silva
4. Knowingly and unlawfully

---

4. The statutory elements test is also commonly known as the *Blockburger* test. The United States Supreme Court enunciated the *Blockburger* test as a method to identify the potential existence of double jeopardy:

The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

*Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932).

5. The False Imprisonment statute states:

A person is guilty of false imprisonment if he knowingly and unlawfully restrains another so as to interfere substantially with his liberty.

Wyo. Stat. Ann. § 6–2–203(a) (LexisNexis 2011).

5. Restrained [the victim] and

6. That restraint substantially interfered with the liberty of [the victim].

[¶ 28] Although Rule 31(c) of the Wyoming Rules of Criminal Procedure authorizes the jury's conviction of an accused for a lesser offense, during the instruction conference, the district court declined Appellant's request to instruct the jury on Attempted False Imprisonment as a lesser offense to the Attempt to Commit Kidnapping crime:[6]

[Court]: Okay. [Appellant's Counsel], do you have any objections to the Instructions 6 through 34 and the verdict form?

[Appellant's Counsel]: Yes, Judge, I do. I object to the fact that the lesser-included offense of False Imprisonment was removed from the packet.[7]

[Court]: Okay. I—okay. I—I just want to know if you had objections to the ones that are being presented. I was going to—

[Appellant's Counsel]: Oh, I'm sorry.

[Court]: I was going to give you objections for any other additional ones.

[Appellant's Counsel]: I do not have any objection to what we have to put before the jury. I object to the fact that the instruction we are not putting before the jury as a result of a conference this morning is an instruction on the lesser-included offense of False Imprisonment.

[Court]: [Prosecutor], you were the one that requested the—there are actually four instructions that [Appellant's Counsel] is referring to, and one is an instruction telling the jury that if they found the Defendant not guilty of Attempted Kidnapping, they could find him guilty of a lesser offense of Attempted False Imprisonment and another one that said that the offense of Kidnapping also includes the lesser offense of False Imprisonment, gave the elements of the crime of Attempted [sic] to

Commit False Imprisonment and the elements of the crime of False Imprisonment.

There were four instructions that refer to the issue that [Appellant's Counsel]'s talking about. The Court has removed those four, but do you want to give your reasons for asking for them to be removed?

[Prosecutor]: Sure, your Honor. Up until this morning, the State had agreed that False Imprisonment would be appropriate. This morning as I was driving over to Green River, I started thinking about it, and I started thinking that Kidnapping can be charged in several different ways, one of them is by removing an individual, another is by restraining an individual, and when I thought about False Imprisonment, I knew that the language in False Imprisonment talks about restraining.

The State is not alleging that the Defendant was trying to restrain the victim in this case. The State is alleging that the Defendant was trying to remove the victim in this case. Therefore, the language of the two does not appear to be a lesser included, and the language of the greater offense has to match exactly the language of the lesser offense, and that's why I asked that they be removed.

[Court]: And the Court has agreed with you. Certainly, False Imprisonment could be a lesser offense of Kidnapping, but not as the State has charged, and the jury would actually have to be finding a different element than an element that was charged, and therefore, those four instructions will not be given. I am calling those Defendant's Exhibits—or Instructions A, B, C and D. They will be part of the permanent file and are—are identified as not being given by the Court, but they—it is on the Record, but also, those particular

---

6. W.R.Cr.P. 31(c) provides that, "[t]he defendant may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein if the attempt is an offense." Where appropriate, either party, or the court on its own volition, may offer an

instruction on a lesser-included offense. *Keffer,* 860 P.2d at 1133–1134.

7. Appellant's trial counsel properly preserved the record by timely objecting to the district court's refusal to give the proffered instructions as lesser-included offenses.

instructions are included in the file should there be an appeal on that issue.

[Appellant's Counsel]: Thank you, Judge.

[¶ 29] Applying the statutory elements test, the district court unequivocally declared that Attempted False Imprisonment is not a lesser-included offense to Attempt to Commit Kidnapping where, as was so specifically charged in the case, Appellant's purported criminal conduct involved only an attempted removal of the victim with the intent to inflict bodily injury on or to terrorize her. Thus, "[w]here the lesser offense requires an element not required for the greater offense, no instruction is to be given under Wyoming Rule 31(c)." *Keffer*, 860 P.2d at 1134 (citing *Schmuck II*, 489 U.S. at 716, 109 S.Ct. at 1450, 103 L.Ed.2d 734). As a matter of law, the district court correctly applied the statutory elements test in properly refusing to give the proposed lesser offense instruction.

## *CONCLUSION*

[¶ 30] The district court properly excluded irrelevant evidence of the victim's past conduct. Further, the district court did not err in refusing to instruct the jury on a proffered lesser-included offense instruction which required elements not required for the higher felony offense.

[¶ 31] Appellant's Judgment and Sentence is affirmed.