BURKE, Justice,
specially concurring, with whom VOIGT, Justice, joins.
[¶ 22] I concur in the result reached by the majority. I write separately because I would take a different path to reach that result. I would conclude that the State failed to demonstrate that the victim's hearsay statements to the SANE nurse were admissible. The State did not establish that the victim made those statements for the purpose of receiving medical treatment. It was error to admit those statements into evidence. However, I would also conclude that the error was harmless and would affirm the conviction.
[¶ 23] It is undisputed that the victim's statements to the SANE nurse were hearsay and inadmissible unless they fell within a specific exception to the hearsay rule. At trial, the State sought admission of the statements under the medical treatment exception to the hearsay rule, W.R.E. 808(4). In order for the statements to qualify for admission under this exception, a proper foundation must be provided. Stephens v. State, 774 P.2d 60, 72 (Wyo.1989) ("A proper foundation is essential, however, and the simple fact that the statement was made to a doctor or other medical personnel during treatment does not justify admission."), overruled on other grounds by Large v. State, 2008 WY 22, 177 P.3d 807 (Wyo.2008). The proponent of the statement must establish that: (1) the declar-ant's motive in making the statement is consistent with the purposes of promoting treatment or diagnosis; and (2) the content of the statement must be such as is reasonably relied upon by a medical provider in treatment or diagnosis. Stephens, 774 P.2d at 72. In this case, the State bore the burden of laying the proper foundation for admissibility of the statements.
*1151 [¶ 24] The majority properly recognizes that the exchange between the SANE nurse and the victim must be closely serutinized to determine the overall trustworthiness of the statements. Such serutiny involves an evaluation of the declarant's motivation in seeking medical care and the reasonableness of the medical provider's reliance on the statement for diagnosis or treatment. Mendez, ¶ 43, 242 P.3d at 340. The majority concludes that the State satisfied its foundational burden. I disagree.
[¶ 25] The majority concludes that "there is nothing in the record that indicates that the victim was motivated by anything other than a desire to receive appropriate medical care." To the contrary, there is nothing in the record indicating that the vietim went to the hospital for treatment. The only evidence relevant to that issue establishes that the victim went to the hospital for a forensic exam, not treatment.
[¶ 26] Prior to calling the SANE nurse as a witness, the State introduced testimony from three witnesses: Officer Micah Venie-gas, the victim, and the victim's boyfriend. Their testimony was consistent and undisputed. According to that testimony, the victim went to the hospital at the request of law enforcement to have a "rape kit" administered. The record reflects the following:
® Officer Veniegas testified: "Based on that, after I contacted the sergeant, [we] decided to have the victim ... go down to the [hospital] and have a sexual assault kit conducted on her."
© The victim testified that she went to the hospital because: "After we had filled out the statement and everything like that, the officer had asked me if I would like to go to the hospital and do one of those, like, rape kits, sexual assault kits. And I told him yes."
® The boyfriend testified that they went to the hospital for "a rape kit."
@The victim did not immediately seek medical treatment upon arriving at the hospital. According to Officer Veniegas, after they arrived at the hospital, he learned that "they did not have a SANE nurse at the hospital at that time." He then "advised them that they needed to contact the SANE nurse and have her respond to the hospital." They waited for an hour and a half for the SANE nurse to arrive. There is no evidence that the victim received or sought any medical treatment in the interim.
All of this evidence is at odds with the majority's conclusion that the victim's motive for the visit with the SANE nurse was treatment. The majority's failure to address this evidence is contrary to its recognition that statements made to a SANE nurse must be subjected to "close serutiny."
[T27] Based on this evidence, I would conclude that the State failed to provide an adequate foundation for admissibility under the W.R.E. 808(4) exception. The district court erred in admitting the statements. The error, however, was harmless.
[¶ 28] We have previously recognized that an appellant who claims error must also establish that the error was prejudicial.
If we conclude the trial court erred, we must then determine if the error was prejudicial. Bromley v. State, 2009 WY 133, ¶ 24, 219 P.3d 110, 116 (Wyo.2009). An error is prejudicial if there is a reasonable possibility the verdict might have been more favorable to the appellant if the error had never occurred. Callen v. State, 2008 WY 107, 15, 192 P.3d 137, 141 (Wyo.2008). The burden of proving prejudicial error rests with the appellant. Skinner v. State, 2001 WY 102, ¶ 25, 33 P.3d 758, 767 (Wyo.2001).
Silva v. State, 2012 WY 37, ¶ 14, 271 P.3d 443, 448 (Wyo.2012), quoting Bloomfield v. State, 2010 WY 97, ¶ 17, 234 P.3d 366, 373 (Wyo.2010). Appellant has failed to identify the specific statements he finds objectionable or explain how exclusion of those statements would have resulted in a different outcome at trial. The victim did not identify Appellant as the perpetrator in any of those statements. The statements were a miniscule part of the evidence presented during the course of a four day trial and were, for the most part, merely cumulative to other evi *1152 dence presented during the trial[1] The victim testified at trial about the assault, and her boyfriend also testified that he witnessed the assault. There is no reasonable possibility that the verdict would have been more favorable to Appellant if the statements had been excluded. Appellant has failed to establish that the error was prejudicial.
[¶ 29] If statements made to a SANE nurse merit close scrutiny because of the close connection between the SANE nurse and law enforcement, then we should apply that standard in this case. The hearsay testimony is legally "trustworthy" and admissible only if it satisfies the requirements for admission as an exception to the hearsay rule under W.R.E. 803(4). The State, as the proponent of the evidence, had the burden of establishing that foundation. There is significant evidence in this record indicating that the victim went to the hospital solely for a forensic exam by the SANE nurse. That evidence has been ignored by the majority and, because of that, the conclusion it reached regarding admissibility is flawed.

. One of the statements to the SANE nurse, and the most potentially prejudicial, was admitted by the court because defense counsel had "opened the door" during cross examination of the SANE nurse. During cross examination, defense counsel inquired about the number of times penetration occurred. The SANE nurse testified that the victim did not tell her "how many times." On redirect, the State was allowed to address that issue. In response to a question from the prosecutor, the SANE nurse testified that the victim "said that she had asked the assailant to stop, but the assailant did not stop."