2017 WY 102

William Allan GARLAND, Appellant (Defendant),

v.

The STATE of Wyoming, Appellee (Plaintiff).

S-16-0287

Supreme Court of Wyoming.

September 7, 2017

Representing Appellant: Office of the Public Defender: Diane M. Lozano, State Public Defender; Tina N. Olson, Chief Appellate Counsel; David E. Westling, Senior Assistant Appellate Counsel. Argument by Mr. Westling.

Representing Appellee: Peter K. Michael, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; Joshua C. Eames, Assistant Attorney General; Darrell D. Jackson, Faculty Director, K.T. Farrelly, Student Director, and Kristine A. Kennedy, Student Intern, Prosecution Assistance Program. Argument by Ms. Kennedy.

Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.

KAUTZ, Justice.

[¶1] A jury found William Allan Garland guilty of one count of domestic battery and one count of strangulation of a household member for attacking his girlfriend (hereinafter referred to as "the victim"). He claims the district court violated his constitutional right of confrontation when it refused testimony about the victim's prior relationship from the sister of the victim's former boyfriend. We conclude that the district court correctly excluded the testimony and, therefore, affirm.

## ISSUE

[¶2] Mr. Garland presents the following issue on appeal:

Was William Garland denied due process of law when the trial court denied him the opportunity to effectively confront the complaining witness as to previously filing false reports of domestic abuse?

The State phrases the issue as:

The Wyoming Rules of Evidence generally exclude testimony regarding a witness's character, other wrongs, or acts absent specific circumstances. [Mr.] Garland sought to introduce testimony that his victim previously had violent quarrels with a different boyfriend and had falsely accused that previous boyfriend of physical abuse. Did the trial court commit plain error when it granted the State's motion to exclude that testimony?

## FACTS

[¶3] Mr. Garland and the victim were involved in an on-and-off relationship for several years. On September 28, 2015, the victim's father reported to the Casper Police Department that Mr. Garland had assaulted his daughter the previous night. In response, Casper Police Officer Jeremiah Tipton contacted the victim at the apartment she shared with Mr. Garland. The officer noticed a toppled chair and other physical damage to the apartment. The victim told Officer Tipton

that she and Mr. Garland had argued the night before and he had attacked her. She ran into a bedroom and locked the door, but Mr. Garland kicked it open. The victim said that she tried to sit down at the kitchen table to calm down, but Mr. Garland pushed her over. He straddled her and squeezed her neck with both hands until she passed out. Officer Tipton documented injuries to the victim's lips, a scratch on the right side of her neck and an abrasion on the back of her neck.

[¶4] The victim telephoned Officer Tipton the next day and "wanted to take her story back." She claimed the injuries to her neck were from consensual "erotica asphyxiation during rough sex" and she had damaged the apartment herself because she was jealous. The State charged Mr. Garland with domestic battery in violation of Wyo. Stat. Ann. § 6-2-511(a) (LexisNexis 2017) and strangulation of a household member in violation of Wyo. Stat. Ann. § 6-2-509(a)(i) (LexisNexis 2017).[1] At trial, the victim testified consistent with her original report to Officer Tipton and stated that her recantation was untrue.

[¶5] Prior to the trial, Mr. Garland gave notice that he intended to call Mary Allen, the sister of the victim's former boyfriend, as a witness. The State filed a motion in limine to preclude Ms. Allen's testimony, claiming it was irrelevant to the case and inadmissible character evidence under Wyoming Rule of Evidence 404. The motion stated that the defense had produced a disc with a recording of Ms. Allen's proposed testimony. The victim had apparently lived with the boyfriend, Ms. Allen, and other relatives in California several years before. The motion in limine stated, "[i]t appears that the defense intends to call Ms. Allen to show that the alleged victim was temperamental with her brother, and she yelled at him and on three occasions attempted to hit her brother, but the blows were blocked, and that she might have thrown things or knocked things over."

[¶6] The district court did not hold a pre-trial hearing on the State's motion. Instead, it heard arguments on the admissibility of Ms. Allen's proposed testimony on the second day of trial, just prior to presentation of the defense's case. Defense counsel argued that Ms. Allen's testimony was admissible under W.R.E. 404(a)(2) as evidence of a pertinent character trait of the victim offered by the accused because it demonstrated "she can be temperamental," and under Rule 404(b) to show absence of mistake or accident, intent, opportunity, and/or motive.

[¶7] The district court stated that it did not have "much of an idea of what we're talking about here" and asked Mr. Garland's counsel for an offer of proof of Ms. Allen's testimony.[2] Defense counsel stated that, around 2009, the victim lived with Ms. Allen and her family for about a year while she was dating Ms. Allen's brother. The defense stated that Ms. Allen would testify she had witnessed arguments between her brother and the victim, including details about "whether there was anything physical that happened during the arguments, who basically started the arguments, and ... whether any objects were thrown or flying." Defense counsel added: "I believe [the victim] had also made claims that her boyfriend at the time was physically abusive to her."

[¶8] The district court granted the State's motion in limine. It found that the evidence

---

1.  Section 6-2-511(a) states: "A household member is guilty of domestic battery if he knowingly or recklessly causes bodily injury to another household member by use of physical force." Section 6-2-509(a)(i) states: "(a) A person is guilty of strangulation of a household member if he intentionally and knowingly or recklessly causes or attempts to cause bodily injury to a household member by impeding the normal breathing or circulation of blood by: (i) [a]pplying pressure on the throat or neck of the household member."

2.  At the hearing, defense counsel initially offered to call Ms. Allen to testify or to play the record-

ing of her statement. The court asked defense counsel just to explain "what you think she'll testify to." Defense counsel was obviously aware of Ms. Allen's proposed testimony as he had provided the State with the recording of her statement and procured her presence for the trial. After reciting the substance of Ms. Allen's proposed testimony, defense counsel did not again offer to present her for questioning before the court or to play the recorded statement. We have no reason to believe that Ms. Allen or the recorded statement would have provided any information that could not have been provided by defense counsel in the offer of proof.

did not fall under either W.R.E. 404(a) or (b). The district court also ruled that the probative value "would seem to be substantially outweighed by the danger of unfair prejudice and other concerns listed under Rule 403." It said the defense was free to renew the request to present Ms. Allen's testimony if evidence developed in the defense's case warranting reconsideration of the issue.

[¶9] Although the defense did not ask for reconsideration of its ruling, the district court *sua sponte* added to its rationale for granting the motion in limine later in the trial. It noted that the proffered testimony did not pertain to the relationship between the victim and Mr. Garland and the time period Ms. Allen would testify about was "pretty remote" from the incident at issue. The court concluded that "[t]he proponent of the evidence, the defense, has not convinced me at this time that the proposed testimony of the witness Allen would be admissible under the rule cited, including Rule 404(a), Rule 404(b), or Rule 403."

[¶10] The jury found Mr. Garland guilty on both counts. The district court sentenced him, and he filed a timely notice of appeal to this Court.

## STANDARD OF REVIEW

[¶11] Mr. Garland argues that the district court violated his right to confrontation when it granted the State's motion in limine, denying him the opportunity to present Ms. Allen's testimony. When an issue regarding the admissibility of evidence is presented to the district court, we generally review its decision for abuse of discretion. *Broussard v. State,* 2017 WY 73, ¶ 8, 396 P.3d 1016, 1020 (Wyo. 2017); *Griggs v. State,* 2016 WY 16, ¶ 129, 367 P.3d 1108, 1143 (Wyo. 2016).

[¶12] However, the State argues that we should apply the plain error standard of review because the district court's decision was not definitive, and Mr. Garland did not preserve the error by renewing his request for admission of Ms. Allen's testimony. The district court granted the State's motion in limine stating that, based on the offer of

proof, the evidence was not admissible under Rule 404 or 403. It continued by saying:

[I]f Mr. Garland testifies ... [t]hat proposed testimony could become more relevant depending on what he testifies to. ...

And so what I'll tell you is that we can revisit that issue if you feel that other evidence that is developed in the defense's case warrants a reconsideration of that proposed evidence from Ms. Allen, and I'll take another look at it. But as we sit here now at the end of the State's case, I'm struggling to find a way that it would be very probative of ... the things ... that have been argued to me and the rules that have been argued to me and, again, based on the information that I have available through the defense's offer of proof.

And so at this point, I would grant the State's motion in limine in that regard subject to revisiting it. If further evidence through the defense case makes those things more relevant in my mind, then the defense is free to renew that issue at that time.

Later in the trial, the district court *sua sponte* added to its rationale for denying the motion. It stated:

I wanted to just add one other thing related to the proposed testimony of Ms. Allen.

Of course, when there's a limited time to consider things, I don't always articulate everything that I could at the time; and then as I continue to think about them, other things occur to me. I did neglect to note that—and I had thought about this at the time but didn't say it—this proposed testimony obviously did not involve a relationship between the alleged victim in this case and the defendant in this case. That's a totally separate relationship. Also, the time period is pretty remote from the things that we're—are at issue in this case, even including other prior evidence that the Court has allowed relative to the relationship between the alleged victim in this case and the defendant in this case.

And I guess maybe a better way to articulate my conclusion [is] my conclusion was that the proponent of the evidence, the defense, has not convinced me at this time

that the proposed testimony of the witness Allen would be admissible under the rule[s] cited, including Rule 404(a), Rule 404(b), or Rule 403. So I just wanted to supplement that a little bit based on some other thoughts.

Mr. Garland did not testify, and the defense did not renew its request to allow Ms. Allen to testify.

[¶13] Wyoming Rule of Evidence 103 governs preservation of error for appeal:

(a) *Effect of Erroneous Ruling.*—Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and

(1) Objection.—In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context; or

(2) Offer of Proof.—In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked.

[¶14] The Committee Note to Rule 103 states: "Under Rule 103(a), it is not necessary to re-offer evidence which has been suppressed by action of the court on a pretrial motion, such as a motion in limine[.]" Consistent with the comment, we have said that when an order on a motion in limine excludes evidence, W.R.E. 103(a) requires no further action to preserve the issue. *Robinson v. State*, 11 P.3d 361, 369 (Wyo. 2000), citing *Sims v. General Motors Corp.*, 751 P.2d 357, 362 (Wyo. 1988). However, the rule only applies when the court makes a definitive ruling on the matter. *See Robinson*, 11 P.3d at 369. In the absence of a definitive ruling by the district court, a trial objection is required to preserve the issue for appeal. *Young v. State*, 2016 WY 70, ¶¶ 11-13, 375 P.3d 792, 795-96 (Wyo. 2016).

[¶15] The rule that a party is not required to renew an objection or offer of proof after the district court makes a definitive decision is based upon sound legal principles:

Treating a definitive ruling as sufficient to preserve the litigant's position for appeal also avoids laying a trap for unwary counselors. Many lawyers suppose that it is enough to raise an issue once and receive a definitive ruling. They may believe that raising the question again may annoy the judge. Rules of procedure should be as tolerant as is practical of lawyers' suppositions and omissions. **When the function of an objection has been served via a motion and ruling before trial, requiring repetition at trial does little to advance the goals of vindicating rights and avoiding errors, but may create an opportunity for rights to be lost by inadvertence.** Instead of laying snares, we adopt an approach that tolerates human failings. Lawyers can concentrate their mental energies on subjects that are more pressing or have yet to be dealt with, without the need to harp on issues that have been resolved.

*Wilson v. Williams*, 182 F.3d 562, 566 (7th Cir. 1999) (emphasis added).

[¶16] The State claims *Hicks v. Zondag*, 2014 WY 16, 317 P.3d 606 (Wyo. 2014) supports its position that the district court's ruling on the motion in limine was not definitive, so Mr. Garland was required to raise the issue later in the trial in order to preserve the error for appeal. The Hicks estate sued Dr. Zondag for negligently causing Ms. Hicks' death. *Id.*, ¶ 1, 317 P.3d at 607. The estate filed a motion in limine to preclude Dr. Zondag from presenting two expert witnesses to testify on the standard of care. The district court denied the motion in limine "without prejudice to [the estate's] right to assert objections at trial at the time [the] proposed evidence [is offered that it] is cumulative or otherwise in violation of Rule 403 of the Wyoming Rules of Evidence." *Id.*, ¶ 10, 317 P.3d at 608. The first expert testified, and, when Dr. Zondag called the second expert to testify, the estate did not object. *Id.*, ¶ 16, 317 P.3d at 610. The estate challenged the district court's liminal order on appeal.

[¶17] This Court concluded that the plain error standard of review applied to the estate's claim because the district court's denial of the motion in limine was provisional and the estate did not renew its objection when

the evidence was actually offered at trial. We referred to the similar F.R.E. 103 and its jurisprudence to explain the requirements of W.R.E. 103. The relevant part of F.R.E. 103 states:

> (b) Not Needing to Renew an Objection or Offer of Proof. Once the court rules definitively on the record—either before or at trial—a party need not renew an objection or offer of proof to preserve a claim of error for appeal.

*Hicks*, ¶ 13, 317 P.3d at 609-10, quoted 1 Christopher B. Mueller & Laird C. Kirkpatrick, *Federal Evidence* § 1:10 (4th ed. 2013) (footnotes omitted), as follows:

> [T]he language we now find in [F.R.E.] 103(b) provides that a party seeking to exclude evidence does not have to renew the objection at trial if the court entered a definitive ruling at an earlier time, but the objection does have to be renewed if the trial court refused to rule on the earlier occasion, or deferred ruling, or entered a nonfinal or provisional or conditional ruling indicating that the matter remains open. The amended language in Rule 103(b) actually reaches beyond pretrial motions, and applies to definitive on-the-record rulings that are made at any time during the course of the proceedings.
>
> The requirement that the ruling be "definitive" is clearly satisfied if the trial judge rules in an unequivocal manner, without reserving the matter for further consideration as the trial progresses and the evidence unfolds.

[¶18] We held that the pretrial denial of the estate's motion in limine in *Hicks* was insufficient to preserve the issue of admissibility for appeal because the district court's decision "was manifestly not definitive." *Id.*, ¶ 15, 317 P.3d at 610. The district court invited the estate to object at trial when the second expert was called. The trial objection was necessary because, only at that point, would the district court have context to determine whether the evidence was cumulative or otherwise violated Rule 403. *Hicks*, ¶ 16, 317 P.3d at 610. In other words, there was no way to tell whether the second expert's testimony was duplicative until after the court had heard the first expert's testimony.

[¶19] The case at bar involves the district court's refusal of evidence; thus, Rule 103(a)(2) applies to this case. Rule 103(a)(2) requires an offer of proof to preserve error based upon the district court's refusal of evidence. *See, e.g., Stocki v. Nunn*, 2015 WY 75, ¶ 25, 351 P.3d 911, 918 (Wyo. 2015), citing *Silva v. State*, 2012 WY 37, ¶ 20, 271 P.3d 443, 450 (Wyo. 2012) (stating "the proper procedure is for the party seeking admission of the evidence to make an offer of proof"). In *Rudolph v. State*, 829 P.2d 269, 274 (Wyo. 1992), we stated:

> In the context of evidentiary rulings at trial, this court has long adhered to the doctrine that a sufficient offer of proof is necessary so that this court may be adequately apprised of the nature of the excluded testimony. The dual purpose of this requirement is to enable the trial court to be fully advised in the exercise of its discretion regarding the admission of evidence, and to enable the reviewing court to determine if prejudicial error resulted from the exclusion of the proffered testimony. *Garcia v. State*, 667 P.2d 1148, 1155 (Wyo.1983).
>
> *Krucheck v. State*, 702 P.2d 1267, 1272 (Wyo.1985) (quoting *Jahnke v. State*, 682 P.2d 991, 1005 (Wyo.1984)) (citations omitted).

[¶20] As contemplated by the rule, the district court in this case considered Mr. Garland's offer of proof. In the first part of its ruling, the district court used words like "revisit," "reconsider[ ]" and "renew." Those terms, viewed in isolation, might suggest that the district court had not made a final decision. However, the district court clearly indicated that the proposed evidence could not be admitted. It then added that it would "revisit" the issue upon request if future evidence changed the admissibility analysis. Furthermore, when the district court supplemented its ruling later in the trial, its wording was more definite.

[¶21] The First Circuit Court of Appeals addressed a situation somewhat similar to this one and concluded that it would apply the abuse of discretion standard of review even though the trial court's ruling on a

motion in limine excluding certain evidence included some language that possibly indicated the decision was tentative. *Crowe v. Bolduc*, 334 F.3d 124, 133-34 (1st Cir. 2003). The trial court order at issue in *Crowe* stated:

> And, if you feel at any point during the trial that despite this ruling, which is in the nature of an in limine ruling and is therefore by definition tentative, if you feel that you have an argument based on the circumstances of the record as it has developed to press again this issue, then you may do so, of course, but at sidebar. In other words, you are not to be asking any questions of witnesses in cross-examination that seeks to elicit this kind of information until we address the issue again at sidebar. I'm not inviting you to do that, you understand, but I just want to be clear that obviously if you think there is something significant about the way that the evidence has gone in and has not been taken into account by way of analysis, then you can raise it again.

*Id.* The Court of Appeals reasoned:

> It is not true, as the trial court assumed, that in limine rulings are "by definition tentative." *See Black's Law Dictionary* 791 (7th ed. 1999) (defining "in limine" as "preliminarily; presented to only the judge, before or during trial"). Some in limine rulings may be final, and whether the ruling is final or tentative has important consequences for counsel. **The trial court's ruling can be read either way: that the ruling was only tentative, or that it was final unless circumstances at trial changed and warranted a new effort to introduce the evidence.** Formulations such as the one used by the trial court here are not uncommon but are inadvisable because of the ambiguity created.
>
> ... [G]iven the duality of the Magistrate Judge's in limine order, we think it better to grant Bolduc the benefit of an abuse of discretion standard of review on the Rule 403 decision.

*Crowe*, 334 F.3d at 134 (emphasis added).

[¶22] The district court's ruling in this case falls within the second circumstance described in the emphasized language. The district court clearly stated that the evidence was not admissible under W.R.E. 403 and 404. It did not indicate that its ruling was subject to any condition. Unlike in *Hicks*, the district court did not need to consider the proposed evidence in context. The district court's order was final "unless circumstances at trial changed and warranted a new effort to introduce the evidence." *Crowe*, 334 F.3d at 134. When it stated that the defense could renew its request for admission of Ms. Allen's testimony, the district court was just stating the obvious—that, in any trial, a party can renew a request for admission of evidence if the circumstances change. For example, a party may ask the district court to revisit its prior ruling that evidence is inadmissible if the opposing party opens the door to that evidence. *See, e.g., Singer v. Lajaunie*, 2014 WY 159, ¶ 37, 339 P.3d 277, 287 (Wyo. 2014) (opening the door may allow admission of evidence that would otherwise be inadmissible). That possibility does not mean, however, that the district court's earlier ruling on admissibility of the evidence was indefinite.

[¶23] As we stated previously, an offer of proof is critical to preserve a claim that the district court erred by refusing evidence. *See, e.g., Stocki*, ¶ 25, 351 P.3d at 918; *Silva*, ¶ 20, 271 P.3d at 450. The dual purposes of the offer of proof are to fully advise the district court so that it may exercise its discretion regarding the admission of evidence and to provide sufficient information so the reviewing court can determine if prejudicial error resulted from the exclusion of the proffered testimony. *Rudolph*, 829 P.2d at 274. The Eighth Circuit Court of Appeals explained that, in the absence of "a material change in the facts and circumstances surrounding" the proposed testimony, a redundant offer of proof would amount to an "empty formalism." "Empty formalism is a vacuum to be abhorred." *Shelton v. Kennedy Funding, Inc.*, 622 F.3d 943, 958-59 (8th Cir. 2010), citing *Wash. State Dep't of Soc. & Health Servs. v. Guardianship Estate of Keffeler*, 537 U.S. 371, 387 n. 10, 123 S.Ct. 1017, 154 L.Ed.2d 972 (2003).

[¶24] There was no material change in the facts or circumstances surrounding

Ms. Allen's testimony. Mr. Garland did not testify, so the defense had no new argument to support renewal or reconsideration of the liminal ruling. Although the offer of proof was minimal, the district court had all of the available information upon which to exercise its discretion. Thus, the function of the offer of proof was served, and repetition of the offer of proof would have accomplished nothing. Under these particular circumstances, Mr. Garland properly preserved his claim that the district court erred by excluding Ms. Allen's testimony with his offer of proof and did not need to make a subsequent "empty" formal offer. Consequently, we will apply the abuse of discretion standard to review the district court's decision.

> A trial court's rulings on the admissibility of evidence are entitled to considerable deference, and, as long as there exists a legitimate basis for the trial court's ruling, that ruling will not be disturbed on appeal. The appellant bears the burden of showing an abuse of discretion.

*Cave v. Dep't of Family Servs. (In re GAC)*, 2017 WY 65, ¶ 32, 396 P.3d 411, 419 (Wyo. 2017), quoting *Wise v. Ludlow*, 2015 WY 43, ¶ 42, 346 P.3d 1, 12 (Wyo. 2015) (other citations omitted). As always, to the extent resolution of this issue requires evaluation of the question of law of whether Mr. Garland's constitutional rights were violated, we apply our *de novo* standard of review. *Budig v. State*, 2010 WY 1, ¶ 7, 222 P.3d 148, 151 (Wyo. 2010); *See also Worley v. State*, 2017 WY 3, ¶ 9, 386 P.3d 765, 769 (Wyo. 2017).

## DISCUSSION

[¶25] Mr. Garland argues that by refusing to allow Ms. Allen to testify, the trial court violated his right to due process of law. Specifically, he asserts that the district court's decision prevented him from confronting the victim about filing a false report that a previous boyfriend had assaulted her.[3] The right to confrontation is guaranteed by the Sixth Amendment Confrontation Clause: "In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the wit-

nesses against him." In *Delaware v. Fensterer*, 474 U.S. 15, 18, 106 S.Ct. 292, 294, 88 L.Ed.2d 15 (1985) (per curiam), the United States Supreme Court stated: "This Court's Confrontation Clause cases fall into two broad categories: cases involving the admission of out-of-court statements and cases involving restrictions imposed by law or by the trial court on the scope of cross-examination." Mr. Garland's argument focuses upon his constitutional right to cross-examine the witnesses against him.

[¶26] Mr. Garland cites *Hayes v. State*, 599 P.2d 558 (Wyo. 1979) and *Hannon v. State*, 2004 WY 8, 84 P.3d 320 (Wyo. 2004) in support of his confrontation clause claim. The portion of *Hayes* relied upon by Mr. Garland is actually in the dissent. *Hayes*, 599 P.2d at 568. The majority in that case did not discuss the Sixth Amendment or the right to confrontation at all, so *Hayes* does not support Mr. Garland's claim that he was denied the right to confrontation.

[¶27] In *Hannon*, this Court considered whether the district court violated the defendant's right of cross-examination under the Confrontation Clause when it prohibited him from cross-examining the minor victim about his delayed report of abuse and an alleged instance of the victim's sexual impropriety with a third party. Mr. Hannon claimed cross-examination would have shown that the victim "was motivated to make false allegations against [him] in an attempt to shift the focus of the inquiry away from his own improper conduct." *Hannon*, ¶ 14, 84 P.3d at 329. We ultimately determined that the district court erred by restricting the defendant's cross-examination of the victim. *Id.*, ¶ 24, 84 P.3d at 332.

[¶28] The circumstances in *Hannon* were obviously different than the circumstances in this case. Here, the defense did not even attempt to cross-examine the victim about prior accusations of violence against other boyfriends. Given the district court did not restrict Mr. Garland's right to cross-examine the victim or any other witness against him,

---

3. Mr. Garland does not argue that the district court erred by excluding Ms. Allen's testimony about the victim being "temperamental."

the Sixth Amendment Confrontation Clause does not apply.

[¶29] The actual issue in this case is whether the district court erred by excluding Ms. Allen's testimony under the rules of evidence and our case law interpreting them. In a somewhat obscure argument, Mr. Garland claims Ms. Allen's testimony was admissible under W.R.E. 404(b), which states:

(b) *Other crimes, wrongs, or acts.*—Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

[¶30] Our Rule 404(b) jurisprudence mandates that the following requirements be satisfied before prior bad acts may be admitted into evidence at trial:

(1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the probative value of the evidence must not be substantially outweighed by its potential for unfair prejudice; and (4) upon request, the trial court must instruct the jury that the similar acts evidence is to be considered only for the proper purpose for which it was admitted. *Vigil* [*v. State*], 926 P.2d [351] at 357 [ (Wyo.1996) ] (*quoting United States v. Herndon*, 982 F.2d 1411, 1414 (10th Cir.1992)).

*Gleason v. State*, 2002 WY 161, ¶ 18, 57 P.3d 332, 340 (Wyo.2002).

*Griggs v. State*, ¶ 128, 367 P.3d at 1143.

[¶31] The district court ruled that the proposed evidence did not meet the requirements of Rule 404(b). The entire substance of Mr. Garland's offer of proof regarding the victim's alleged prior false report was: "I believe [the victim] had also made claims that her boyfriend at the time was physically abusive to her." He argued the evidence would show motive, lack of mistake, and knowledge because the defense was that Mr. Garland "didn't do this and [the victim] essentially made this story up." There was no indication that Ms. Allen had personal knowledge of the victim's false claim or any details about it. Mr. Garland did not say when, where or how the claim of domestic violence was made or how Ms. Allen knew it was false. Without those details, it was impossible for Mr. Garland to satisfy the mandatory requirements for admission of evidence under Rule 404(b), and the district court correctly concluded the evidence was not admissible.

[¶32] The situation here is similar to that in *Holloman v. State*, 2005 WY 25, ¶¶ 9-17, 106 P.3d 879, 883-85 (Wyo. 2005). In *Holloman*, the Court could not find the proposed evidence admissible under W.R.E. 404 because the offer of proof was inadequate. It did not provide sufficient information to address "such matters as the adequacy of foundation, relevancy, competency, materiality, or remoteness of the evidence." *Id.*, ¶ 13, 106 P.3d at 884. The same is true here.

[¶33] The district court also ruled that the evidence was not admissible under W.R.E. 403, which states:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Again, the lack of details about the events to which Ms. Allen would testify prevented Mr. Garland from establishing that her testimony would be probative to any matter at issue in the case. Furthermore, evidence about a prior interaction between the victim and a former boyfriend several years prior to this case which did not involve Mr. Garland presented a real danger of confusing the issues and/or misleading the jury. The district court did not abuse its discretion by refusing to allow Ms. Allen to testify.

[¶34] Affirmed.